## Cincinnati, New Orleans & Texas Pacific Railway Company v. Perkins.

(Decided December 2, 1924.)

### Appeal from Mercer Circuit Court.

1. Appeal and Error—Admission of Evidence Remotely Bearing on Issue Held Not Prejudicial Error.—In action for injuries from derailment of train, admission of evidence that three people in coach which plaintiff occupied were killed held not prejudicial error, where only issue before jury was amount of damages as evidence complained of had only remote bearing on issue.

2. Damages—Incapacity Held to Warrant Recovery for Lost Time.— In action for personal injuries, although plaintiff's employer had nothing for him to do, plaintiff had right to seek other employment, and, having established his incapacity, recovery for lost time was warranted.

3. Damages—Court Held Not to have Abused its Discretion in Overruling Defendant's Motion for Appointment of Physician to Examine Plaintiff.—Court held not to have abused its discretion in overruling defendant's motion requesting appointment of physician to examine plaintiff, made on concluding day of trial, where defendant's physician had theretofore taken three X-ray photographs of plaintiff, and several other physicians testified for defendant, basing their opinion on such photographs and those taken by plaintiff's physician.

E. H. GAITHER for appellant.

J. L. RICHARDSON, CHARLES CARROLL and J. F. VANARSDALL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On April 6, 1921, a fast train running from Chattanooga, Tennessee, to Cincinnati, Ohio, was derailed in the state of Tennessee. The coach in which W. H. Perkins was riding was thrown against the side of a cliff, and he was injured. Thereafter he sued for damages and alleged that the accident was occasioned by the gross and wanton negligence of the company, and under the laws of Tennessee he was entitled to punitive damages, in addition to compensatory damages, necessary expenses and loss of wages. In its answer the company admitted ordinary negligence, but denied gross negligence, and that under the laws of Tennessee plaintiff was entitled to punitive damages, as well as the extent of his injuries, and the several losses claimed. The case went to trial on these issues and the jury returned a verdict in favor of plaintiff for $3,000.00. Judgment was entered accordingly, and the company has appealed.

Appellee testified over the objection of appellant that three people in the coach which he occupied were killed, and the court instructed the jury that they could consider this evidence for the purpose of showing the violence of the shock to the train, and for no other purpose. Of this ruling appellant complains. Whether the evidence was admissible or not it is unnecessary to determine. The only issue before the jury was the amount of damages, and the evidence complained of had such remote bearing on that issue that we do not regard its admission as prejudicial to the substantial rights of appellant.

Another contention is that the court erred in authorizing a finding for lost time. At the time of the accident appellee was a traveling salesman for Bayless Bros. & Company. The manager of that firm testified that even if appellee had been able to work the firm had nothing for him to do between April and June. In view of this evidence it is insisted that appellee lost no time. The fact that his own firm could not have given him employment can not be regarded as conclusive. In that event he had the right to seek other employment, and having established his incapacity there was sufficient evidence of lost time to authorize the submission of the question to the jury.

The principal error relied on was the overruling of appellant's motion requesting the court to appoint a

physician to examine appellee, and to make an X-ray of his spine. The petition advised appellant that appellee claimed an injury to his spine. The record discloses that Dr. Kerr, who testified for appellee, made two X-ray examinations of appellee, one on June 6, 1921, and the other on June 11, 1921, and that Dr. Keith, who testified on behalf of appellant, took three X-ray pictures of appellee's spine on June 29, 1921, and gave it as his opinion that neither the pictures which he took nor those taken by Dr. Kerr showed any injury to appellee's spine. It also appears that the order of introducing the testimony was waived, and that Dr. Rose and Dr. Kerr, witnesses for appellee, and Dr. Humphrey and Dr. Keith, witnesses for appellant, were permitted to testify first. After the appellee testified, Drs. Goddard and Gabhart, local physicians in Harrodsburg, testified for appellant. There is also in the record a deposition of Dr. Parker, taken on behalf of appellant, who examined appellee a short time after the accident. Dr. Goddard testified that he had made an examination of the X-ray photographs used in the case, and could not form any definite conclusion as to whether they showed any injury to appellee's spine, and that to determine the matter would require additional pictures. Dr. Gabhart stated that he had examined the four pictures introduced in the evidence and that none of these pictures indicated any injury to the spine. As appellant had the benefit of Dr. Parker's evidence that he examined appellee shortly after the accident, and found no injury to his spine, and of the X-ray photographs made by Dr. Keith, who testified not only that they, but also the photographs taken by Dr. Kerr, showed no injury to appellee's spine, coupled with the testimony of Dr. Gabhart, also an X-ray expert, who testified that he, with the aid of a magnifying glass, had made a critical examination of the four X-ray photographs, and could not see any evidence of any fracture, and as the motion for a personal examination and additional X-ray photographs was not made until the second or concluding day of the trial and would have caused a delay which could have been avoided if the motion had been seasonably made, we conclude that the trial court did not abuse a sound discretion in overruling the motion.

Judgment affirmed.